

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,647

### EX PARTE JIMMIE MARK PARROTT, JR., Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT FROM
### HARRIS COUNTY

**HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined.**

### DISSENTING OPINION

I respectfully dissent. The majority holds that Applicant has failed to show harm because he "was previously convicted of other offenses that support the punishment range within which he was admonished and sentenced," but it discounts the unique nature of plea-bargained agreements and is inconsistent with our treatment of other plea-bargain situations. Applicant is facing an illegal sentence pursuant to his plea-bargain, and the notions of due process require that we allow Applicant to withdraw his plea.

# I. BACKGROUND

On October 5, 2009, Applicant was indicted for the third-degree-felony offense of theft over $20,000 and less than $100,000. *See* TEX. PENAL CODE § 31.03(e)(5). The indictment also alleged two enhancement paragraphs. The first paragraph alleged that Applicant had been previously convicted of the unauthorized use of a motor vehicle in Harris County on February 17, 1997, and the second alleged that Applicant had been previously convicted of theft in Harris County on May 12, 1999. Both prior convictions were state-jail felonies. *See* TEX. PENAL CODE § 31.03(e)(4)(A) (1999); TEX. PENAL CODE § 31.07(b) (1997).

On January 21, 2010, Applicant entered into a plea agreement with the State. The plea papers reflect that the State abandoned the first enhancement paragraph, which alleged the unauthorized use of a motor vehicle. That enhancement paragraph was scratched out, and a hand-written notation read, "State abandons this enhancement." However, the State proceeded with the second enhancement paragraph, which alleged Applicant's previous theft conviction. Although the State initially drew a single line through the second enhancement paragraph and added a hand-written notation stating, "State abandons enhancement," that notation was subsequently crossed out, and another notation was added confirming, "This enhancement is valid." Consistent with the plea papers, Applicant initialed the following admonishment:

> THIRD DEGREE FELONY WITH ONE ENHANCEMENT: if a third
> degree felony is enhanced with one prior felony conviction a term of not

more than 20 years or less than 2 years in the [I]nstitutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed[.]

On January 22, 2010, in accordance with the terms of the plea-bargain agreement, the trial court sentenced Applicant to fifteen years' confinement in the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID), a sentence within the second-degree-felony punishment range.[1]  Initially, the face of the judgment was silent as to how Applicant pled to the enhancement paragraphs and the trial court's finding as to each. However, the trial court, on its own motion, entered a judgment nunc pro tunc correcting the judgment to reflect that the first enhancement paragraph was abandoned and that Applicant entered a plea of true to the second enhancement paragraph.[2]

Applicant had been previously convicted of three felonies.  Specifically, Applicant was convicted of the felony offense of aggravated robbery in Harris County on November 12, 1982, the felony offense of theft by receiving in Harris County on June 14, 1985, and the felony offense of arson in Montgomery County on March 12, 1998.

Applicant filed a notice of appeal, but the appeal was dismissed because he had no right to appeal per the plea-bargain agreement.  *Parrott v. State*, No. 14-10-00160-CR, 2010 Tex. App. LEXIS 2363 (Tex. App.—Houston [14th Dist.] Apr. 1, 2010, no pet.)

---

[1]*See* TEX. PENAL CODE § 12.42(a) (1999).  The punishment for a second-degree felony is "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."  *Id.* § 12.33(a).

[2]The judgment nunc pro tunc also added two days of extra jail credit.

(memo. op., not designated for publication). A second appeal was also dismissed.

*Parrott v. State*, No. 14-10-00450-CR, 2011 Tex. App. LEXIS 4546 (Tex.

App.—Houston [14th Dist.] June 16, 2011, no pet.) (memo. op., not designated for

publication).

On December 27, 2010, Applicant filed this application for writ of habeas corpus[3]

and alleged, *inter alia*, that his sentence was not authorized by statute. Applicant argues

that the two listed enhancements were state-jail felonies, which could not have been used

to enhance the punishment range for his third-degree felony offense. Thus, Applicant

alleges that his sentence was illegal because the range for a third-degree felony

(unenhanced) is two to ten years.

The trial court entered findings of fact and conclusions of law recommending that

relief be denied because Applicant has been previously convicted of other felony offenses

that could be substituted for the improper enhancements. We ordered that this application

be filed and set for submission to determine the following: (1) whether the consideration

of an illegal sentence claim raised on habeas corpus is confined to the enhancement

paragraphs listed in the charging instrument or whether, if other convictions were

available at the time of sentencing, the enhanced punishment range would be proper even

---

[3]Applicant has filed two prior mandamus applications and one prior habeas application regarding this cause. The prior habeas application was dismissed because it was filed while the direct appeal was still pending in this case. *Ex parte Parrott*, No. WR-45,442-04 (Tex. Crim. App. 2010). This application is therefore the first habeas application that will be addressed on the merits for this case.

though the convictions listed as enhancements in the charging instrument were not available for use for some reason; and (2) whether a defendant is estopped from raising an illegal sentence claim when he knew at the time of sentencing that the enhancement paragraph as alleged was improper, but agreed to the sentence pursuant to a plea bargain agreement. *Parrott v. State*, No. AP-76,647, 2011 Tex. Crim. App. Unpub. LEXIS 728 (Tex. Crim. App. Sept. 28, 2011) (per curiam, not designated for publication). We also requested that the parties brief these issues. *Id.*

## II. ESTOPPEL

It is necessary to initially determine whether Applicant is estopped from raising his illegal-sentence claim in this writ application. Rather than address the issue we granted, the majority summarily dismisses it by failing to address it. I will address this point, however, not only because we granted the issue but because it is a doctrine that could prove important in future cases.

"[E]stoppel is a flexible doctrine that manifests itself in various forms that are not limited to unilateral requests." *See Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). In *Rhodes*, we addressed the two types of estoppel relied on by the State in this case: estoppel by judgment and estoppel by contract. Estoppel by judgment provides that "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Id.* (quoting 31 C.J.S. *Estoppel & Waiver* § 130).

The only exception to this is for challenges to the subject-matter jurisdiction of the court rendering the judgment. *Id*. Estoppel by contract means that "a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect." *Id.* (citing 31 C.J.S. *Estoppel & Waiver* § 124).

In *Rhodes*, the appellant had received a judgment that was illegally lenient by having his sentences run concurrently instead of consecutively.[4] We held that he was estopped from complaining of the illegal sentence because "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be allowed to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. The applicant had agreed to the concurrent sentencing and "then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain." *Id.*

In contrast to that case, Applicant is not estopped from complaining of an illegal sentence here. The record is silent as to Applicant's knowledge of the impropriety of the enhancement. Further, when Applicant entered the plea agreement, the State had abandoned the first enhancement paragraph, and only the second enhancement paragraph remained. Thus, Applicant pled guilty to a third-degree felony enhanced by one prior

---

[4]The defendant in *Rhodes* was sentenced to serve two additional felony convictions, for escape and theft, while he was serving time in prison for two previous felonies. *Rhodes*, 240 S.W.3d at 884. The defendant's escape sentence provided that it was to run concurrent with the theft conviction. *Id.* However, Texas Code of Criminal Procedure Article 42.08 states that such sentences must run consecutively. *Id.*

conviction, for which the appropriate punishment range was two to twenty years' imprisonment. TEX. PENAL CODE §§ 12.33(a), 12.42(a)(3) (2009). The punishment term bargained for, fifteen years, is within that range, so Applicant did not benefit from a "too-lenient" plea agreement. To assume that Applicant benefitted from the terms of the plea agreement because the State could have re-pled proper enhancements, potentially subjecting Applicant to a minimum sentence of 25 years under the habitual offender provision,[5] is to engage in speculation regarding the various considerations that might have factored into the plea bargaining and agreement. Accordingly, Applicant is not estopped from raising his illegal-sentence claim.

### III. ILLEGAL SENTENCE

Turning to the merits of Applicant's claim, I believe that Applicant has shown that he is entitled to relief because his sentence is illegal due to the improper use of a state-jail felony for enhancement. This is true even though other convictions were available at the time of sentencing that could have been properly used for enhancement.

A claim of an illegal sentence is cognizable on a writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see Ex parte Pena*, 71 S.W.3d 336, 337 n.1 (Tex. Crim. App. 2002) ("A 'void' or 'illegal' sentence is one that is

---

[5] *See* TEX. PENAL CODE § 12.42(d).

not authorized by law."); *Ex parte Seidel*, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (explaining that a punishment exceeding the statutory maximum renders the judgment void because it is illegal); *see also Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).

Applicant's sentence, entered into pursuant to a plea-bargain agreement, is illegal. State-jail-felony convictions cannot be used to enhance the punishment of a third-degree felony. TEX. PENAL CODE § 12.42(a)(3) (2009); *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). Consequently, in this case, the third-degree-felony offense of theft was illegally enhanced with Applicant's prior state-jail-felony conviction for theft. The statutory punishment range for a third-degree felony (unenhanced) is two to ten years' imprisonment. *Id.* § 12.34(a). Applicant's sentence of fifteen years exceeds the statutory maximum and, thus, is unlawful.

When parties have bargained for an illegal sentence, the appropriate remedy is to return the parties to the positions occupied prior to the plea agreement because the error in the indictment affected the entire criminal proceeding. *Rich*, 194 S.W.3d at 514-15; *Beck*, 922 S.W.2d at 182. As we explained in *Rich*,

> [W]hen a plea-bargain agreement calls for a sentence much greater than that authorized by law, we must allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to proceed to trial. Furthermore, resentencing alone is not sufficient in this instance because by "attack[ing] the sentence he received and for which he bargained, [Applicant] is attacking the entire judgment of conviction."

*Id*. (quoting *Shannon v. State*, 708 S.W.2d 850, 851 (Tex. Crim. App. 1986) (holding that "the idea that error is 'punishment error' only is incompatible with the negotiated plea and we therefore disavow such analysis in this specific area")). Therefore, we should allow Applicant to withdraw his plea and remand the case to the trial court.

At the time Applicant entered the plea agreement, he had three prior felony convictions that could have been used to enhance Applicant's third-degree felony. *See* TEX. PENAL CODE § 12.42(a)(3), (d) (2009). However, this fact does not cure the illegality of Applicant's plea-bargained sentence. Generally, a habeas applicant must demonstrate harm to receive relief. *See Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995). Our notions of due process support that Applicant was harmed in this instance when the "stars aline" as they have—this is a plea-bargain case for an illegal sentence in which the State concedes that there is no evidence that Appellant knew that he was agreeing to an illegal sentence, and the question of ineffective assistance of counsel is not before us.

The majority concludes that *Rich* stands for the proposition that "an applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced." *See* Maj. Op. at 7. However, the applicant in *Rich* did not have any prior felony convictions that could have been properly substituted. How can a case stand for a proposition that was not even before the Court? Unlike *Rich*, the pertinent facts are

before the Court in this case, and under these facts, the parties certainly should be returned to square one. The State should be required to do its job of presenting proper evidence of valid enhancements, and the defendant should have an opportunity to contemplate possible defenses to that evidence.

In *Brooks*, we held that "prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment--although it is permissible and perhaps preferable to do so." *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). While we no longer require that an indictment contain the enhancement allegations, the defense must be put on reasonable notice concerning the State's intent to prove facts necessary for the enhancement. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). This notice requirement is rooted in due process. *Id.* (citing *Oyler v. Boles*, 368 U.S. 448, 452 (1962)). As this Court has explained,

> The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation of a trial of the question of whether he is the named convict therein.[6]
> . . .
> This averment is necessary in order to give the accused notice that a greater penalty is to be sought than for a first offense, and to enable him to take issue thereon, and if possible show there is a mistake in identity, or that there was no final former conviction or the like.[7]

Here, prior to entering into his plea-bargained agreement, Applicant was put on

---

[6]*Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978) (quoting *Morman v. State*, 127 Tex. Crim. 264, 75 S.W.2d 886 (1934)).

[7]*Id.* at 876 (quoting *Palmer v. State*, 128 Tex. Crim. 293, 81 S.W.2d 76, 79 (1934)).

notice only that the State intended to enhance his punishment with the two state-jail-felony convictions alleged in the indictment. Applicant was not notified of the potential enhancement use of his felony convictions, so to allow the State to substitute in those felony convictions to cure his illegal plea-bargained sentence would be contrary to notions of due process.[8]

The majority contends that "[t]he State's response to his application provided him notice of the State's intent to support the propriety of his sentence with his other prior convictions." *See* Maj. Op. at 11. But any post-conviction notice cannot serve the same role as pre-plea notice. If the State is permitted to rely upon un-pleaded enhancement allegations in post-conviction challenges, the procedures by which such allegations are tested become essentially optional. *See Wilson v. State*, 671 S.W.2d 524 (Tex. Crim. App. 1984) ("The state has the burden of proof to show the prior conviction was a final conviction under the law and that appellant was the person previously convicted of that

---

[8]Further, despite the majority's assertion that Applicant cannot prove that he suffered harm, in a similar situation in *Ex parte Hall*, 546 S.W.2d 303 (Tex. Crim. App. 1977), this Court "decline[d] to hold that the error in using a void prior conviction for enhancement is rendered harmless where the evidence reflects that there is another prior conviction which could have been used." In that case, the prior conviction used for enhancement was void because the appellant had not been represented by counsel, and thus, that prior conviction could not have been used for enhancement. *Id.* at 304. We explicitly rejected the State's argument that "where an accused's sentence could have been enhanced to life by another prior valid felony conviction, any error in using an invalid one is deemed harmless in post-conviction habeas corpus proceedings." *Id.* And in doing so, we relied on *White v. State*, 500 S.W.2d 529 (Tex. Crim. App. 1973) for the proposition that "to be used for enhancement of punishment . . . the prior convictions must be alleged." *Hall*, 546 S.W.2d at 304-05; *see also White*, 500 S.W.2d at 530 (stating that it cannot be "presupposed that the jury will find the enhancement allegations [not alleged in the indictment] true. It could well be that the jury would find the enhancement allegations untrue . . . .").

offense."); *see also Fletcher v. State*, 214 S.W.3d 5, 9 (Tex. Crim. App. 2007) (holding that the State cannot satisfy its burden to prove the final disposition of an appeal from an enhancement conviction by requesting that a court of appeals take judicial notice of a mandate because doing so would deprive the defendant of the opportunity to rebut the State's evidence and allow the State to circumvent its burden at trial). And permitting the State to go beyond the pleadings allows the State to perpetually reopen and freshly litigate additional sentencing enhancements that it failed to properly plead at the outset.

Moreover, although the majority is correct that in a direct-appeal context, a defendant's "due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his punishment with a prior conviction," applying that concept to this case ignores the critical distinction between trial and plea-bargain cases. Unlike a trial in which there are separate guilt and punishment phases, "once the guilty plea is entered, the procedure becomes a 'unitary trial' to determine the remaining issue of punishment. Therefore, in a unitary trial where a defendant has pled guilty there exists no per se 'punishment phase.'" *Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) (citations omitted).

## IV. CONCLUSION

Therefore, I believe that Applicant is entitled to relief. It is clear to me that Applicant has shown that the notions of due process require that we allow Applicant to withdraw his plea. For these reasons, I respectfully dissent.

Hervey, J.

Filed: January 9, 2013

Publish