

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,801 and AP-76,802

## EX PARTE WILLIAM CHARLES DENTON, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
## FROM HENDERSON COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

On January 9, 2013 in *Ex Parte Parrott*,[1] the majority inexplicably decided that an

Applicant must prove harm to obtain relief in a writ of habeas corpus premised on an

illegal-sentence claim.  However, less than three months later, this Court has already

---

[1]*Ex Parte Parrott*, No. AP-76,647, 2013 Tex. Crim. App. Unpub. LEXIS 45.

decided to abandon this requirement.[2] It does not surprise me that this Court's jurisprudence can change from month to month.[3] As I have already emphasized in my dissenting opinion in *Parrott*, harm is not the correct measure for determining illegality. Similar to *Parrott*, the Applicant in this case cannot show harm because the other sentence is running concurrently with the first and based on the new requirement we should have denied the writ instead of setting aside the aggravated-assault convictions.

---

[2]The majority has attempted to distance themselves from the ruling in *Parrott* by claiming that it pertains only to illegal sentence claims and is inapplicable to double jeopardy claims. However, it is inescapable that a valid double jeopardy claim renders a sentence illegal. Therefore, a double jeopardy violation is certainly an illegal sentence. It seems predictable that the majority makes the proclamation that a harm analysis is not the correct measure for double jeopardy claims (albeit in a footnote), as it is obvious how easily they disregard relevant standards that have been elicited in recent opinions. This is exactly what I predicted would happen in our dissenting statement on motion for rehearing in *Parrott* when I made it clear that it is entirely inappropriate to use a harm analysis for double-jeopardy claims. While it seems that the majority now all of a sudden agrees that the harm-analysis requirement created in *Parrott* is inappropriate, it is also inappropriate to side-step the issue by stating that the new requirement does not apply (does this opinion in effect overrule *Parrott*?).

[3]Apparently Judge Keller has also decided to quickly abandon the method that the majority established in *Parrott* for analyzing illegal sentences such as we have here. However, her concurring opinion makes clear that she wants nothing to do with the majority's analysis (I am not voting for the majority opinion, but I believe it was well reasoned under the old double-jeopardy standard). She dismissively states:

> The present case involves an exceedingly complex double-jeopardy question, with only limited, neutral briefing from the State. Many of the significant issues and authorities relevant to the question are not addressed in the Court's opinion. When complex issues are not subjected to adversarial testing, and when the relevant issues have not been sufficiently aired out, there is a danger in granting relief in anything other than a brief, unpublished opinion. I believe that that danger manifests itself in the Court's opinion. Under the circumstances, I agree with granting applicant relief but do not join the Court's opinion.

Keller, P.J., concurring opinion at *1.

By failing to conduct a harm analysis in this case, this Court has not only disregarded its own precedent, but also indicated that our opinion in *Parrott* was erroneous.

With these comments, I respectfully dissent.

Meyers, J.

Filed:     May 22, 2013
Publish