

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0530-13

**RANDY SCHMUTZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### TITUS COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

Today, the venue concept is dealt an undeserved blow from the majority with the holding that venue error is subject to a harm analysis rather than automatic acquittal. Although we have consistently required that venue be accurately pled to avoid an acquittal, it is now subject only to a "close enough" standard. The longstanding rule of compelling acquittal for failure to prove venue should be maintained and, therefore, I disagree with the majority's conclusion.

Although the rules of appellate procedure have been amended since our decision in *Black v. State*, 645 S.W.2d 789 (Tex. Crim. App. 1983), venue rules are a special and strict category that should result in an acquittal when violated. Subjecting venue errors to a harm analysis effectively turns venue into a game of horseshoes, where "getting close" to a correct venue will be acceptable as long as the defendant is not harmed. However, when it comes to venue, "close" is not good enough. Each county has its own judiciary, prosecuting authorities, and jury pool which can all affect various steps of the trial. "The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place" and, although a defendant is not entitled to choose the venue, he should not be subjected to one to which is not proper. *United States v. Cores*, 356 U.S. 405, 407 (1958). Demonstrating harm is a heavy burden and it is wholly inappropriate to require an appellant to establish that his substantial rights were violated before he can be afforded a trial in the proper venue. This process holds the State to a very low standard at the expense of defendants by allowing for mistakes without consequences despite the fact the State has both the ability and the information to be precise.[1]

---

[1]This may be becoming a habit of this court, as it can also be seen in *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). There, new law was created when it was held that a habeas applicant must prove harm in order to obtain relief on an illegal-sentence claim. The majority went on to conclude that the applicant in the case "failed to prove harm because he had been previously convicted of other offenses that support the punishment range within which he was previously admonished and sentenced." *Id*. at 539. It seems almost impossible to convince the majority in both of these cases that the defendants suffered harm.

The majority takes the failure to prove up venue far too lightly and subsequently assigns an improper method for addressing it. The longstanding rule regarding venue violations should be upheld and the State should be strictly required to prove venue in the county of prosecution. For the foregoing reasons, I respectfully dissent.

Meyers, J.

Filed: January 29, 2014

Publish