

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: GILBERT PENA. | § | No. 08-12-00188-CR |
| | § | Appeal from the |
| | § | 243rd District Court |
| | § | of El Paso County, Texas |
| | § | (TC#20020D00330) |
| | § | |

## **O P I N I O N**

Appellant, Gilbert Pena, appeals the trial court's denial of his application for writ of habeas corpus.

### BACKGROUND

After Appellant pleaded guilty to two counts of assault on a public servant on June 10, 2002, the trial court sentenced Appellant to three years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court suspended Appellant's sentence, placed him on community supervision for three years, and ordered him to pay a $500 fine.

In 2011, the United States denied Appellant, a legal resident, readmission into the country, detained him, and initiated removal proceedings based on Appellant's conviction. On July 11, 2011, Appellant filed a writ of habeas corpus claiming he suffered ineffective assistance of counsel

when his trial counsel failed to advise him in 2002 of the various immigration consequences he could face as a result of pleading guilty. On August 19, 2011, the trial court heard Appellant's writ application and denied his request for relief. After Appellant filed a notice of appeal with this Court on October 5, 2011, we dismissed the appeal for lack of jurisdiction.

Thereafter, on May 1, 2012, Appellant filed a second writ of habeas corpus claiming his original writ counsel rendered ineffective assistance and complained that the trial court's failure to prepare a certification of Appellant's right to appeal after denying his first writ, entitled him to an out-of-time appeal. The trial court heard and denied the writ application on May 31, 2012. In its findings of fact and conclusions of law, the trial court concluded that Appellant did not have a federal or state constitutional right to the effective assistance of counsel in a writ of habeas corpus proceeding and that the trial court's failure to prepare a certification of the right to appeal, "had no impact on the applicant's attempted appeal of the denial of his first writ application."

## DISCUSSION

In his sole issue on appeal, Appellant claims the trial court erred in denying his second application for writ of habeas corpus because the trial court's failure to prepare a certification of appeal after denying his first writ application denied Appellant his statutory right to appeal. Appellant also claims the trial court erred because he received ineffective assistance of counsel when his first habeas attorney failed to timely file a notice of appeal and he is entitled to an out-of-time appeal to appeal the denial of his first writ application. We review a trial court's ruling on a writ of habeas corpus in the light most favorable to the ruling and will not disturb the ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006).

A writ of habeas corpus may only be used to remedy jurisdictional defects and violations of

2

constitutional or fundamental rights. *See Ex parte Weinstein*, 421 S.W.3d 656, 664-65 n.18 (Tex.Crim.App. 2014). Non-constitutional claims, such as violations of statutes, rules, or regulations are not cognizable issues for habeas corpus review. *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex.Crim.App. 2002). The trial court's failure to prepare a certification of appeal after its denial of Appellant's first writ is a statutory violation and does not entitle Appellant to the habeas relief he seeks. *Id.*

Appellant also claims he was deprived of his right to appeal the denial of his first writ application, through no fault of his own, when his attorney failed to timely file a notice of appeal after Appellant informed him that he wished to appeal. When an applicant has passed the deadline for filing an appeal through no fault of his own but because of a breakdown in the system, such as failure of counsel to file a notice of appeal, he may be entitled to an out-of-time appeal to ensure he is afforded his right to appeal. *See Ex parte Riley*, 193 S.W.3d 900, 902 (Tex.Crim.App. 2006). An applicant seeking habeas corpus relief must allege facts entitling him to relief and prove his allegations by a preponderance of the evidence. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex.Crim.App. 2013). Having reviewed the entirety of the record, we find no evidence to support Appellant's claims he timely instructed his attorney to appeal the trial court's denial of his first writ application, or that his writ attorney failed to timely file a notice of appeal because of the attorney's ineffective assistance. Had Appellant taken the opportunity to offer evidence through affidavits or testimony at the writ hearing, he may have been able to establish by a preponderance of the evidence an entitlement to an out-of-time appeal. *See Ex parte Riley*, 193 S.W.3d at 902; *Ex parte Parrott*, 396 S.W.3d at 534. However, based on the record before us, Appellant has not met his burden. *See Ex parte Parrott*, 396 S.W.3d at 534.

3

Additionally, we note, there is no federal or state constitutional right to effective assistance of counsel in a post-conviction habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 756–57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (because no constitutional right to counsel in state post-conviction proceedings exists, petitioner cannot claim ineffective assistance of counsel in post-conviction procedures); *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (prisoners have no constitutional right to counsel in post-conviction proceedings); *see also, Ex parte Graves,* 70 S.W.3d at 110 ("It is a well established principle of federal and state law that no constitutional right to effective assistance of counsel exists on a writ of habeas corpus.").

Because Appellant had no constitutional right to counsel for his first writ of habeas corpus, he is not entitled to an out-of-time appeal based solely on his ineffective assistance of counsel claim. *Coleman*, 501 U.S. at 756–57; *Ex parte Graves,* 70 S.W.3d at 110. Having reviewed the record in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in denying Appellant's second writ of habeas corpus. *Kniatt*, 206 S.W.3d at 664. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

July 11, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

4