

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-82,154-02

### EX PARTE KENITH ROBERT EVANS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 28,997-A-H-1 IN THE 188TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).[1] Applicant was convicted of felony driving while intoxicated upon his plea of guilty and sentenced to twenty years' imprisonment pursuant to a plea agreement. He did not appeal the conviction.

Applicant, through habeas counsel, argues, "[Applicant's] guilty plea was involuntary because [Applicant] received ineffective assistance of counsel. Counsel failed to investigate the validity of prior misdemeanor DWls used to enhance this offense to a felony, one of which had an

---

[1] Applicant has also filed a habeas application, No. WR-82,154-01, challenging his felony DWI conviction in cause no. 25,931-B from the 124th District Court in Gregg County. Resolution of this habeas application remains pending before this Court.

illegal sentence, thus resulting in a void conviction. Counsel was ineffective for advising [Applicant] to plead guilty to the charge." *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). The habeas record shows that one of the prior convictions used to jurisdictionally enhance the instant DWI from a misdemeanor to a felony has been vacated.

The State responds, *inter alia*, that it could have substituted a different prior DWI conviction as a jurisdictional enhancement for the conviction that was subsequently vacated, so the instant DWI conviction would have remained a felony prosecution regardless of a challenge from trial counsel. *See Ex Parte Parrott*, 396 S.W.3d 531, 536 (Tex. Crim. App. 2013) (holding that "[A]n applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced"). The habeas record shows that Applicant was convicted of the other DWI, and the trial court recommends denying relief.

The instant DWI prosecution occurred in 2001. At that time, "[A] conviction [could] not be used for purposes of enhancement ... if ... the offense for which the person is being tried was committed more than 10 years after the latest of ... the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction [or] the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction [and] the person has not been convicted of an[other intoxication] offense ... within 10 years of the latest [of the above] date[s]." TEX. PENAL CODE § 49.09(e) (repealed Aug. 31, 2005); *see Getts v. State*, 155 S.W.3d 153 (Tex. Crim. App. 2005) (interpreting statute). The trial court's findings do not address the now-repealed "10-year rule" and

whether Applicant's prior DWI convictions from 1987 and 1988 were too remote to use as jurisdictional enhancements at the time of the 2001 DWI prosecution.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall supplement the habeas record to this Court with a copy of the indictment in Gregg County cause no. 28,997-A, which is not in the habeas record. The trial court shall also supplement the habeas record to this Court with information concerning Applicant's prior DWI convictions, including his convictions for DWI in cause no. 5415 from the County Court in Marion County and for DWI in cause no. 88-148 from the County Court at Law of Harrison County, to show when Applicant committed the offenses, when he was convicted of them, and when the prior convictions became final for purposes of the now-repealed "10-year rule." TEX. PENAL CODE § 49.09(e) (repealed Aug. 31, 2005); *Getts v. State*, *supra*. The trial court shall then make findings of fact regarding whether Applicant's prior DWI convictions were too remote for use as jurisdictional enhancements, and it shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish