

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,482-01

**EX PARTE RICHARD SEPEDA SOSA, III, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-13-1065-SB IN THE 119th DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest and detention with a vehicle and sentenced to twenty-five years' imprisonment. Applicant did not appeal his conviction.

Applicant alleges that his sentence in this case is illegal. Specifically, he alleges that the punishment range in this case was improperly enhanced under TEX. PENAL CODE § 12.42 (d), through the improper use of a prior state jail felony conviction for possession of a controlled

substance. The trial court, without making any recommendation regarding whether relief should be granted, has entered findings of fact that refer this Court to our recent decision in *Samaripas v. State*, 454 S.W.3d 1 (Tex. Crim. App. 2014).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding whether Applicant had any other prior felony convictions that could have been used by the State for enhancement purposes in this case. *See Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: July 1, 2015
Do not publish