

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,626-01

### EX PARTE JARVIS DYWANE TYSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 25638 A-1 IN THE 12TH DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to fifteen years' imprisonment.

Applicant contends that his guilty plea was involuntary. He argues that trial counsel informed him the punishment range was 5 to 99 years or life in prison when it was actually 2 to 20 years and that he would have asserted a self-defense claim at trial had he known the correct punishment range did not include the possibility of a life sentence but a maximum of 20 years. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The trial court recommends denying relief because the 15

year sentence assessed was within the proper punishment range of 2 to 20 years, but this fact does not address Applicant's involuntary plea claim.

It is not disputed in the habeas record that counsel was deficient regarding his advice on the proper punishment range. *See Strickland*, *supra*. Applicant alleges he would not have pled guilty in the first place and would have asserted his self-defense claim at trial but for counsel's bad advice. As the United States Supreme Court has stated, "[T]o satisfy the 'prejudice' requirement [of *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall make additional findings of fact and conclusions of law. First, the trial court shall make findings regarding whether the punishment range could have been properly enhanced to that of a first-degree felony with a different prior conviction. *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). Second, the trial court shall make findings regarding whether Applicant would have insisted on trial but for counsel's bad advice.

To make the findings, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. The trial court

shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 23, 2015
Do not publish