

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,014-01

### EX PARTE CRISTIAN AGUILAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1388321-A IN THE 337TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to attempted evading arrest with a motor vehicle and was sentenced to 180 days' imprisonment. He did not appeal his conviction.

Applicant is a citizen of Honduras and was granted "Temporary Protected Status" by the United States Citizenship and Immigration Services. He contends that trial counsel failed to properly advise him of the immigration consequences of his guilty plea, and, more specifically, the effect of

his plea upon his "Temporary Protected Status." In *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), the United States Supreme Court held that, "when the deportation consequence" of a guilty plea "is truly clear," trial counsel's Sixth Amendment "duty to give correct advice is equally clear." We order that this application be filed and set for submission to determine: (1) whether the rationale of *Padilla* should be held to extend to the facts of Applicant's case; (2) whether Applicant was prejudiced[1] or harmed[2] given that, as of July 16, 2015, deportation proceedings have not been initiated; and (3) notwithstanding *Padilla*, whether a defendant's guilty or no contest plea will be rendered involuntary if counsel affirmatively misadvises a defendant about the immigration consequences of his plea. The parties shall brief these issues. Oral argument is permitted.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court within 90 days of the date of this order.

Filed: April 6, 2016
Do not publish

---

[1] *See Hill v. Lockhart*, 474 U.S. 52 (1985).

[2] *See Ex parte Parrot*, 396 S.W.3d 531 (Tex. Crim. App. 2013).