

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,697-01

**EX PARTE RAMON TORRES-FLORES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1243-A IN THE 109th DISTRICT COURT
### FROM CRANE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he failed to investigate the validity of one of the prior misdemeanor driving while intoxicated convictions alleged for jurisdictional enhancement purposes in this case. The trial court recommends that relief be granted. However, the trial court has not addressed whether another prior misdemeanor driving while intoxicated conviction was available for use as a jurisdictional

enhancement in this case. *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013).[1] Furthermore, no response has been obtained from trial counsel regarding his actions in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The record reflects that Applicant is represented by counsel. However, if this is no longer true, and if the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether there was another prior misdemeanor driving while intoxicated conviction available for use as a jurisdictional enhancement in this case. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

---

[1] In *Parrott*, the applicant raised an illegal sentence claim based on the State's use of an ineligible prior conviction for enhancement purposes. Relief was denied because the habeas record established that applicant was previously convicted of other offenses that supported the punishment range within which he was admonished and sentenced. Therefore, the applicant failed to demonstrate harm.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 24, 2018
Do not publish