

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-66,910-02 AND WR-66,910-03

### EX PARTE ANDRE JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. D-1-DC-16-203428-A AND D-1-DC-16-301040-A
### IN THE 403RD DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam. Keller, P.J., and Yeary, J., concur.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and robbery and sentenced to imprisonment.

Applicant contends that the punishment range in each case was improperly enhanced with a prior conviction that could not be used as such. Applicant appears to be correct and has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the

appropriate forum for findings of fact.

The trial court shall order trial counsel to respond to Applicant's claim that the punishment range in each case was improperly enhanced with a prior state jail felony conviction and shall order trial counsel to explain his representation of Applicant and trial strategy. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the punishment enhancements were proper, and if not, whether there were any other prior convictions that could have been properly used for the punishment enhancements, *see Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), and whether any error regarding the punishment enhancements affected Applicant's decision to plead guilty in the cases, *see Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: December 19, 2018
Do not publish