

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-58,013-02

### EX PARTE ALVIN JACKSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W99-52382-T(B) IN THE 283rd DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Jackson v. State*, 05-00-00590-CR (Tex. App.—Dallas, Aug. 15, 2001) (not designated for publication) .

Applicant alleges in grounds one through four that the State presented false evidence, his sentence is illegal, and his trial counsel was ineffective. All of these claims are based on Applicant's contention that his sentence is illegal because the enhancement paragraph set out in the indictment,

and found true by the jury, involved a conviction committed by another inmate. Even assuming Applicant's allegations are true, the Texas Department of Criminal Justice's publicly available online offender information database shows that Applicant has a prior felony aggravated assault conviction from 1992 that was available for purposes of enhancing the punishment range in this cause.

In defending against an illegal sentence claim, the State is not bound by the prior convictions actually used for enhancement purposes. *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). In *Parrott*, the applicant raised an illegal sentence claim based on the State's use of an ineligible prior conviction for enhancement purposes. This Court denied relief because the habeas record established that applicant was previously convicted of other offenses that supported the punishment range within which he was admonished and sentenced.

Applicant, who is represented by habeas counsel, has not shown there were no other prior felony convictions available for enhancement purposes in this case. Therefore, the Applicant has failed to demonstrate harm and his allegations one through four are denied. Applicant's ground five is dismissed pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 4.

Filed:         February 27, 2019
Do not publish