

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-66,910-02 AND WR-66,910-03

### EX PARTE ANDRE JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. D-1-DC-16-203428-A AND D-1-DC-16-301040-A
### IN THE 403RD DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery (the -02) and robbery (the -03), and the punishment range in each case was enhanced due to a prior conviction.

The applications were remanded to the trial court. Counsel provided an affidavit, and the trial court entered findings indicating that the punishment enhancement in each case was improper. This Court requires additional fact finding, and the trial court is the appropriate forum for findings of fact. *Ex parte Rodriguez*, 334 S.W.2d 294 (Tex. Crim. App. 1960),

The trial court shall make findings whether there were any other prior convictions that could have been properly used for the punishment enhancement. *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall make findings resolving whether Applicant would have rejected the plea offers had he known the proper ranges of punishment. *Hill v. Lockhart*, 474 U.S. 52 (1985).

To resolve these fact issues, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish