

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,074-04; WR-83,074-05

### EX PARTE MICHAEL CHARLES HILL, APPLICANT

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS.WRIT10155 AND WRIT10156
### IN THE 196TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by contact and sexual assault of a child. The Sixth Court of Appeals affirmed his convictions. *Hill v. State*, Nos. 06-12-00094-CR; 06-12-00095-CR (Tex. App.—Texarkana, January 8, 2013, no pet.) (not designated for publication).

Applicant alleges that his life sentences were unauthorized because the prior conviction used to enhance the punishment ranges of his current offenses was invalid. This Court vacated the prior

offense on May 23, 2018, on the ground that Applicant's guilty plea was involuntary. *See Ex parte Hill,* WR-83,074-03 (Tex. Crim. App. May 23, 2018) (not designated for publication).

Both of the instant convictions were for second-degree felony offenses, punishable by not more than twenty years or less than two years. *See* TEX. PENAL CODE § 21.11(a)(1), (d); § 22.011(a), (f); § 12.33(a). The prior conviction was used to enhance the sentence for the indecency conviction under Section 12.42(b), which provides that a defendant convicted of a second-degree felony shall be punished for a first-degree felony if he has a prior felony conviction other than a state jail felony. *See* TEX. PENAL CODE § 12.42(b). The prior conviction was used to enhance the sentence for the sexual assault conviction under Section 12.42(c)(2), which provides for an automatic life sentence if, among other things, a defendant convicted of a certain indecency or sexual assault offense has a prior conviction for such an offense. *See* TEX. PENAL CODE § 12.42(c)(2).

We agree that vacating the prior conviction renders Applicant's current life sentences illegal. *See Ex parte Rich,* 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). Further, Applicant did not waive this matter by failing to object at trial. At the time of trial, Applicant's prior conviction was facially valid, such that defense counsel had no reason to challenge its use for enhancement purposes. *See id.* However, the current record does not resolve the question of whether Applicant has any other prior felony convictions which could have been used or substituted for enhancement purposes. *Cf. Ex parte Parrott,* 396 S.W.3d 531, 533 (Tex. Crim. App. 2013).

Applicant has alleged facts that, if true, might entitle him to relief. *See id.* In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. However, if the trial court elects to hold a hearing and Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant had any prior felony convictions that could have been used or substituted for enhancement purposes under Texas Penal Code section 12.42(b) or 12.42(c)(2). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 26, 2019
Do not publish