

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-76,082-03

## EX PARTE CARLTON MCEWEN, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-08-904053-C IN THE 403RD DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of indecency with a child by contact and one count of indecency with a child by exposure. He was sentenced to life imprisonment for counts one through four and twenty years' imprisonment for count five. The Third Court of Appeals affirmed his convictions. *McEwen v. State*, No. 03-08-00522-CR (Tex. App.—Austin Aug. 26, 2009)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by failing to challenge the enhancement because it was a community supervision sentence which was not

revoked. While such a conviction would be final for enhancement purposes for counts one through four, it is not clear that it would have been available to enhance count five. *See* TEX. PENAL CODE §12.42(g)(1). He also alleges that counsel was ineffective for failing to challenge the State's jury argument, failing to object to late notice of outcry witnesses, and failing to object to two outcry witnesses testifying to the same facts.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether the alleged enhancement was for a probationary sentence which was not revoked, and if so, whether there was another final felony conviction which could have been used to enhance count five. *Ex parte Parrot*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish