

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,859-01

### EX PARTE JAMES FLORES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2018-415,113-A IN THE 137TH DISTRICT COURT FROM LUBBOCK COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of failure to register as a sex offender with a prior conviction and sentenced to four years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that his offense was a state-jail felony and not a second-degree felony, resulting in his four-year sentence being outside the applicable punishment range. The trial court, with the State's agreement, recommends granting habeas relief. But the trial court has made contradictory findings regarding Applicant's previous convictions. Based on the record, it appears that Applicant does in fact have a previous conviction for failure to register, which would indicate

that his offense was a third-degree felony at the minimum. *Ex parte Parrot*, 396 S.W.3d 531, 539 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent [him/her] at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant had a previous conviction for failure to register prior to this offense date. The trial court shall make findings of fact and conclusions of law as to whether, if he does in fact have a previous conviction for failure to register, he can show harm in the sentence he received in this case. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish