

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-82,096-01, WR-82,096-02 & WR-82,096-03

### EX PARTE KENTRAIL RAY MCCUIN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F-12-51308-L, F-12-51309-L & F-12-51310-L
### IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion, in which KEASLER and HERVEY, JJ., joined. JOHNSON, J., filed a dissenting statement. ALCALA, J., filed a dissenting opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest, possession of a firearm by a felon, and unlawful possession with intent to deliver cocaine in a drug free school zone. He was sentenced to two, five, and twenty years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *McCuin v. State*, Nos. 05-12-01148-CR, 05-12-01149-CR & 05-12-01150-CR (Tex. App. Dallas—Jul. 26, 2013) (not designated for publication).

Applicant contended, among other things, that his trial counsel rendered ineffective assistance because he did not object to an improper cumulation order. After a remand, the trial court found that trial counsel objected and was not ineffective. The court's findings concerning the merits of Applicant's claims are supported by the record. The trial court recommended that this Court remand the cases for new punishment hearings. However, we find no legal basis in Applicant's allegations to conclude he is entitled to habeas corpus relief. *Ex Parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004). Based on the trial court's findings and this Court's independent review of the entire record, we deny relief on all of Applicant's habeas allegations.

Filed: June 22, 2016
Publish