**Affirm in part; Reverse and Remand in part; Opinion Filed August 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01205-CR
## No. 05-15-01206-CR

**TIMOTHY O'REILLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Cause Nos. MC15R0005D; MC15R0006D**

# OPINION

Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Evans

Timothy O'Reilly appeals the county criminal court of appeals's judgments affirming his

convictions following a jury trial in municipal court for violations of two ordinances of the City

of Richardson: (a) violation of Richardson, Texas Code of Ordinances ch. 14, art. 1, § 14-2(10)

(2016) (nuisance ordinance) by allowing trash and debris to accumulate in a manner offensive or

injurious to the public health; and (b) violation of Richardson, Texas Code of Ordinances ch. 13,

art. 11, § 13-162(a) (2016) (open-storage ordinance) by knowingly permitting outdoor storage of

items not normally stored or used outside where they were visible from the public right-of-way

for more than twenty-four hours.  Appellant raised three issues in his appeal to the county

---

[1] The Hon. Martin Richter, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

criminal court of appeals to which he is limited here on appeal,[2] asserting (1) the $2000 fine exceeded the maximum fine permitted by law, (2) there is insufficient evidence to support the two convictions, and (3) the two, separate convictions violate the Double Jeopardy Clause of the Constitution of the United States. After considering all of appellant's arguments, we affirm the county criminal court of appeals's judgment in Cause No. MC15R0006D (Richardson Municipal Court Cause No. N0800561B, "outdoor-storage case"), we affirm the conviction in Cause No. MC15R0005D (Richardson Municipal Court Cause No. N0800561A, "nuisance case"), but we reverse that part of the judgment affirming appellant's $2000 fine and remand the nuisance case to the trial court for a new punishment hearing.

## I.
## Background

The City notified appellant on August 19, 2014, that the conditions of his residence in Richardson failed to comply with City ordinances. Specifically, appellant was notified that the accumulation of trash, debris, lumber, and other items on his property violated the nuisance ordinance, and that the outside storage of furniture, boxes, containers, and other materials violated the open storage ordinance. During Code Enforcement Inspector Richard Daniel's personal visit, appellant acknowledged the non-compliance and promised to bring his property into compliance by Thanksgiving, November 27, 2014. Daniel visited appellant's property shortly after Thanksgiving and observed items remaining on appellant's property that, in his opinion, were a public health risk, items stored where they were visible from the right-of-way, and other items that were not suitable for storage or use outside. On December 15, 2014, Daniel issued a citation for violations of both ordinances. Trial occurred in February 2015.

---

[2] *See* TEX. GOV'T CODE ANN. § 30.00027(b)(1) (West Supp. 2015).

At trial, Daniel testified about the items he observed in August and on December 15, 2014, in appellant's yard. He saw from the street in front of appellant's house items located in the front- and side-yards and driveway and observed from a neighbor's porch items located in appellant's side- and backyards. The items were leather and wood furniture, cardboard boxes, an indoor type of bird cage, plastic containers, tarp draped over objects, fence sections leaning against the house, fence sections leaning against but not attached to a chain-link perimeter fence, a pile of lumber, and a large number of artificial Christmas trees in the front-yard. Daniel's photographs from the front and side of appellant's house were admitted in evidence from which Daniel testified and identified many items depicted in the photographs.

Appellant testified he spoke with Daniel in August and had an agreement that appellant could have until Thanksgiving to clean up his yard. Appellant identified many items depicted in Daniel's photographs including fence sections, a bedframe, a chair he later threw away, a leather ottoman, cardboard boxes, a store fixture rack, and numerous artificial Christmas trees in his front-yard. Appellant testified he spent two hours almost every day working harder than he ever had in his life for more than 300 hours to clean up his yard. He finished getting his yard ready to pass inspection by late December 2014 or early January 2015. He took photographs in January of his yard as ready for inspection that were admitted in evidence.

The jury convicted appellant of violating both ordinances and assessed a $2000 fine for the nuisance-ordinance violation and a $400 fine for the outdoor-storage-ordinance violation. The county criminal court of appeals affirmed the judgments of the trial court. Appellant perfected these appeals.

## II.
## Sufficiency of the Evidence

In his second issue, appellant challenges the sufficiency of the evidence to convict him of violating either ordinance. We address legal-sufficiency issues first because, in the event they

are meritorious, we would render a judgment of acquittal rather than reverse and remand. *See Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010) (appellate courts render judgment of acquittal only when trial court's ruling amounts to de facto acquittal or appellate court finds evidence was legally insufficient to support conviction); *Owens v. State*, 135 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (legal-sufficiency challenge must be addressed first because if evidence is insufficient, reviewing court must render judgment of acquittal).

We review the sufficiency of the evidence of a criminal offense viewing the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011); *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The factfinder has the duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Clayton*, 235 S.W.3d at 778. As a result, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*. When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id*. Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id*.

Appellant contends the City had no proof that any specific item "accumulated or remained" on the property as alleged in the nuisance complaint or was openly stored "for a continuous period in excess of twenty-four (24) hours" as alleged in the open storage complaint. Appellant argues that because the City introduced photographic evidence from only a single date,

December 15, 2014, and Daniel provided only general descriptions of items observed in August 2014, there is insufficient evidence for the City to have proven specific items had remained or were stored for longer than twenty-four hours. Appellant's argument assumes the City had to prove specific items remained on the property or were stored on the property for more than twenty-four hours. Appellant does not provide any authority for the requirement he proposes.

In the nuisance complaint, the City charged appellant with having allowed trash and debris to accumulate and remain on the property in a manner injurious to the public health. Daniel testified that many of the items he observed in appellant's yard in August and on December 15, 2014, could hold or retain water and that such accumulations of water in debris in residential areas endangered the health of the public. Some of the items he identified as capable of accumulating water were one or more tarps, boxes, and plastic containers. Daniel also testified that the mass of accumulated items could harbor vermin and identified the stack of fence sections leaning against the house and a pile of wood as two specific locations where that could occur.

In the open-storage complaint, the City charged appellant with storing outdoors items not suitable to be stored or used outdoors that could be seen from the public right-of-way. The evidence of such items included the bedframe, indoor bird cage, leather ottoman, and other furniture. Although some of these items were photographed from the neighbor's yard, Daniel testified the items in the side-yard could be seen from the street.

Daniel estimated that on December 15, 2014, the accumulated items still occupied fifty percent of the lot. Although appellant testified he spent more than 300 hours to get his yard ready to pass inspection, the evidence showed that numerous items and debris remained on his property at the time the citations were issued. Pictures of the front-, side-, and backyards full of items were admitted by both the prosecution and defense, and Daniel and appellant testified to

their observations of many of the items depicted in the photographs. There was sufficient evidence from which a rational jury could decide appellant's accumulation of items in his yard violated the ordinances as charged. We overrule appellant's second issue.

### III.
### Double Jeopardy

In his third issue, appellant challenges his convictions as violating the Double Jeopardy Clause because both convictions were for the same conduct and the charging instrument required proof of the same elements to constitute the offenses.

The Fifth Amendment's Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, made applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009).

To determine if an accused received multiple punishments for the same offense, as appellant alleges here, courts use the "same elements" or "*Blockburger* test." *See Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an element which the other does not. *Id.* at 304. In Texas, the *Blockburger* analysis is expanded even further by holding that double jeopardy occurs even when offenses that have differing elements under *Blockburger* are alleged in the indictment to have been committed on the same facts. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).

Appellant argues the two offenses as charged have the same elements and involve the same conduct.  The City's amended complaint in the nuisance case alleged appellant violated the nuisance ordinance by:

> unlawfully allow[ing] trash and debris to accumulate and remain on property . . . in such a manner as to be offensive or injurious to the public health, to-wit: lumber, furniture and other miscellaneous items not customarily stored outside.

In the open storage complaint, the City alleged appellant violated the open storage ordinance by:

> unlawfully and knowingly permit[ing] storage of items which were not customarily used or stored outside and/or which were not made of a material resistant to damage or deterioration from exposure to the outside environment in the front yard, carport, unenclosed front porch, driveway or open and unenclosed area visible from the public right of way of a residential district . . . for a continuous period in excess of twenty-four (24) hours.

Appellant argues that both charged offenses required proof that he left ("accumulate and remain" or "permit storage") outside in his yard items that were "not customarily stored outside" (or "not customarily used or stored outside").  Appellant further argues that "offensive or injurious to the public health" (nuisance) has the same meaning as "were not made of a material resistant to damage or deterioration from exposure to the outside environment" (outdoor storage).

Appellant's argument fails for several reasons.  First, appellant overlooks the fact that in the outdoor storage charge, the phrase "not made of a material resistant to damage or deterioration from exposure to the outside environment" is an alternative to "not customarily used or stored outside."  So the charging instrument states the meaning of the phrase simply to specify how one can determine whether an item is an indoor or outdoor item.  Second, there was no evidence that every item that would degrade outdoors would become a public health hazard.  So the two categories of items are not equivalent.  Third, the outdoor storage complaint requires the items in the yard to be visible from a public right-of-way; the amended nuisance complaint makes no such allegation.  As a result, the amended nuisance complaint applied to items in the backyard not visible from the street in front of appellant's residence if those items were offensive

or injurious to the public health. The outdoor storage complaint, on the other hand, did not apply to items in the backyard that were not visible from the street. Although both ordinances applied to items in the side- and front-yards and driveways, different items could violate one ordinance and not the other.

Daniel testified the pile of wood in the backyard could harbor vermin and there were numerous items in the back yard that could retain water and would thereby be injurious to the public health. Similarly, he identified many items in the side- and front-yards and driveway that he testified were injurious to the public health for the same reasons (stacked fence sections in the side-yard; various objects throughout that could retain water). Daniel also identified items in the side- and front-yards and driveway that were visible from the street and not made to be stored or used outdoors (items of indoor furniture, store fixture rack, bedframe, and artificial Christmas trees). Neither ordinance alone would have required appellant to clean up all the items in his yard. The offenses as charged have different elements, so the Double Jeopardy Clause is not violated. We overrule appellant's third issue.

## IV.
### Illegal Sentence

In his first issue, appellant argues his sentence of a $2000 fine exceeded the amount permitted by Texas law because the City failed to charge and prove a mental state as part of the amended nuisance complaint. He argues the maximum fine was limited to $500. We agree.

An illegal sentence is one that is not authorized by law. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). A sentence that is outside the range of punishment authorized by law is considered illegal. *See id.* A fine outside the range authorized by law is an illegal sentence. *See Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) ("had the jury assessed Mr. Pena a $20,000 fine, that sentence would be void and illegal because Texas statutes only permit a maximum of a $10,000 fine"); *Ex parte Hernandez*, 698 S.W.2d 670, 670–

71 (Tex. Crim. App. 1985) (sentence of fine void because act in effect at time of sentencing did not authorize fine); *Harris v. State*, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (although not raised by defendant, court of appeals can take notice of illegal sentence which exceeds statutory maximum and "has the power to reform and correct judgments and hereby does so by striking the requirement that appellant pay a fine as part of his punishment in this case"); *Figueroa v. State*, No. 01-11-01115-CR, 2013 WL 177409, at *10 (Tex. App.—Houston [1st Dist.] Jan. 17, 2013, no pet.) (mem. op., not designated for publication) (omission of any fine when statute required fine in conjunction with sentence of confinement is an illegal sentence). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *See Mizell*, 119 S.W.3d at 806. An illegal sentence cannot be waived and may be challenged at any time. *See Ex parte Pena*, 71 S.W.3d at 339; *see also Baines v. State*, 418 S.W.3d 663, 674 (Tex. App.—Texarkana 2010, pet. ref'd). This is because "no court in this state could assess a punishment that the law does not authorize." *Simmons v. State*, 602, 245 S.W.2d 254, 255 (1952).

A culpable mental state is required for municipal offenses that impose a fine in excess of $500. *See* TEX. PENAL CODE ANN. § 6.02(f) (West 2011) ("An offense defined by municipal ordinance or by order of a county commissioners court may not dispense with the requirement of a culpable mental state if the offense is punishable by a fine exceeding the amount authorized by Section 12.23."); *id*. § 12.23 ("An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500."); *see also BCCA Appeal Grp., Inc. v. City of Houston*, No. 13-0768, 2016 WL 1719182, at *6 (Tex. Apr. 29, 2016) (culpable mental state is required to secure a conviction for a municipal ordinance punishable by a fine exceeding $500). The nuisance complaint did not allege any mental state nor did the nuisance charge include any

mental state.[3] The jury's conviction, therefore, did not include a finding of any culpable mental state on appellant's part.

The City's entire response focuses on appellant's failure to raise this issue in the charge conference, raising it for the first time in his motion for new trial. But appellant's sentence of a $2000 fine was not authorized by law and is not subject to waiver. *See Ex parte Parrott*, 396 S.W.3d at 534 (illegal sentence is one not authorized by law); *Ex parte Pena*, 71 S.W.3d at 336, 339 n.2 (fine outside range is illegal sentence which can be raised at any time and cannot be waived); *see also Ex parte McCuin*, Nos. WR-82,096-01, 2016 WL 3442276, at *2 (Tex. Crim. App. June 22, 2016) ("Illegal sentences may be challenged at any time.").

This Court has no authority to reform an illegal or void sentence by adding a punishment of any amount, "even in the interest of judicial economy and fairness or even if the addition is de minimis." *Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Scott v. State*, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.] 1999, no pet.) and

---

[3] In our discussion of appellant's double-jeopardy issue, we quoted the relevant portion of the amended nuisance complaint. The jury charge in the nuisance case provided the following abstract and application instructions:

> 1. The Code of Ordinance of City of Richardson, states that a nuisance includes, but is not limited to, whatever is dangerous to human life or health, whatever renders the ground, the water, the air or the food a hazard or injurious to human life or health or that is offensive to the senses or that is or tends to become detrimental to the public health. Section 14-2(10) provides that the allowing of paper, lumber, rocks, junk or other trash or debris to accumulate or remain on any piece of property in such a manner as to create a harborage or breeding place for rats, vermin or insects, or in such a manner as to be offensive or injurious to the public health or unpleasant and disagreeable in sight or odor to persons residing or occupying any adjacent premises, to persons who may be in a public place or public right-of-way, or to persons who file an official complaint with the city, is a nuisance. A person guilty of this offense shall be punished by a fine of not less than $1.00, nor more than $2000.00.

> 2. If you believe beyond a reasonable doubt that the Defendant did, in the City of Richardson, DALLAS County, Texas, on or about the 15th day of DECEMBER, 2014, unlawfully allow trash and debris to accumulate and remain on property within the territorial limits of the City of Richardson, DALLAS County, Texas, to wit: [appellant's address] LUMBER, FURNITURE AND OTHER MISCELLANEOUS ITEMS NOT CUSTOMARILY STORED OUTSIDE, in such a manner as to be offensive or injurious to the public health, you will find the Defendant guilty ~~and assess a fine of not less than $1.00, nor more than $2000.00~~. If you do not so believe, or have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "Not Guilty."

(Strikeout in original).

*Reed v. State*, 795 S.W.2d 19, 19–21 (Tex. App.—Houston [1st Dist.] 1990, no pet.)). The only remedy is a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2015); *Ibarra*, 177 S.W.3d at 284; *Scott*, 988 S.W.2d at 948.

We sustain appellant's first issue.

## V.
## Conclusion

We affirm the county criminal court of appeals's judgment in Cause No. MC15R0006D (Richardson Municipal Court Cause No. N0800561B, outdoor-storage case). We affirm the conviction in Cause No. MC15R0005D (Richardson Municipal Court Cause No. N0800561A, nuisance case), but we reverse appellant's $2000 fine and remand the nuisance case to the trial court for a new punishment hearing. *See Donaldson v. State*, 476 S.W.3d 433, 440 (Tex. Crim. App. 2015) (reversing judgment of appeals court affirming illegal sentence and remanding to trial court for new punishment hearing).

/David Evans/
DAVID EVANS
JUSTICE

Publish
TEX. R. APP. P. 47
151205F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY O'REILLY, Appellant

No. 05-15-01205-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Cause No. MC15R0005
Opinion delivered by Justice Evans, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, we **AFFIRM** that part of the county criminal court of appeals' judgment affirming appellant's conviction in Richardson Municipal Court Cause No. N0800561A, but we **REVERSE** that part of the county criminal court of appeals's judgment affirming appellant's $2000 fine. We **REMAND** the cause to the Richardson Municipal Court of Record in Dallas County, Texas, for a new punishment hearing.

Judgment entered this 26th day of August, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY O'REILLY, Appellant

No. 05-15-01206-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Cause No. MC15R0006D
Opinion delivered by Justice Evans, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the county criminal court of appeals is **AFFIRMED**.

Judgment entered this 26th day of August, 2016.