**AFFIRMED and Opinion Filed September 14, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00857-CR

**JOSEPH DANIEL ENRIQUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82260-2021**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

A jury convicted appellant of murder and assessed punishment at life in prison. In a single issue, appellant argues the evidence is insufficient to support his conviction. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

### I.   Background

On March 12, 2021, appellant called 911 and told dispatchers he had shot his wife. He claimed that one of the firearms he had taken on an earlier fishing trip had accidentally fired and hit his wife.

Appellant's wife, Kimberly Enriquez, was found in the master bathroom of the couple's home with a shotgun blast to her chest. The shot destroyed her liver and damaged her duodenum, pancreas, adrenal glands, kidneys, and lungs. Some of the shotgun pellets also went through portions of her heart. She died at the scene.

Appellant was charged with murder. A jury found him guilty and assessed punishment at life in prison. Judgment was entered accordingly. Appellant now appeals from that judgment.

## II.  Analysis

Appellant's sole issue challenges the sufficiency of the evidence to support his conviction. Specifically, he argues the evidence was legally insufficient for a reasonable fact finder to determine he had the specific intent to cause death or serious bodily injury when he shot his wife in the chest with a shotgun. We disagree.

When we review the sufficiency of the evidence to support a conviction, we uphold the conviction if any rational trier of fact could have found all essential elements of the offense proved beyond a reasonable doubt. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). In conducting our review, we consider the evidence in the light most favorable to the verdict. *Id*. The jury is the sole judge of the weight and credibility of the evidence, and it may choose to believe all, some, or none of the evidence presented. *Id.* Moreover, the jury may draw reasonable inferences from the evidence, and the evidence is sufficient to support a conviction if the inferences necessary to establish guilt are reasonable based on the cumulative

force of all the evidence when considered in the light most favorable to the verdict. *Id*. at 655–56. When there are differing rational interpretations of the evidence, we differ to the interpretation most favorable to the verdict. *Laster v. State*, 275 S.W.3d 512, 523 (Tex. Crim. App. 2009). Circumstantial evidence is as probative as direct evidence in establishing an actor's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *O'Reilly v. State*, 501 S.W.3d 722, 726 (Tex. App.—Dallas 2016, no pet.).

We measure the sufficiency of the evidence against the hypothetically correct jury charge, defined by the statutory elements as modified by the charging instrument. *Edward*, 635 S.W.3d at 656. As relevant here, the State was required to prove beyond a reasonable doubt that: (i) appellant intentionally or knowingly caused the death of his wife, and (ii) intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of his wife. *See* TEX. PENAL CODE ANN. § 19.02(b); *see also Staves v. State*, No. 01-22-00268-CR, 2022 WL 16640808, at *2 (Tex. App.—Houston [1st Dist.] Nov. 3, 2022, no pet.) (mem. op., not designated for publication).

Appellant's challenge focuses on the requisite mental state. The intent of a defendant may be inferred by his acts, words, and conduct, as well as the method he used to commit the crime and the nature of the wounds inflicted on the victim. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018). Proof of mental state will almost always depend upon

circumstantial evidence, *Duntsch v. State*, 568 S.W.3d 193, 216 (Tex. App.—Dallas 2018, pet. ref'd) and is a fact question to be determined by the jury from all the circumstances. *Walter v. State*, 581 S.W.3d 957, 972 (Tex. App.—Eastland 2019, pet. ref'd).

Here, the jury could have reasonably inferred from the overwhelming circumstantial evidence that appellant had the requisite intent to kill his wife. Appellant gave inconsistent statements and improbable explanations and admitted that he pulled the trigger on a firearm, a deadly weapon, at close range. All these circumstances support inferences concerning appellant's intent.

When officers arrived at the scene, appellant said multiple times that there was no magazine in the shotgun when it fired. But when crime scene investigators checked the gun, there was still a live round in the chamber. Testimony established this indicated that a magazine was loaded into the weapon at the time it was fired, because otherwise the chamber would have been empty.

Appellant told the officers that he and his wife had just been talking and were not arguing. Kimberly was in the bathroom, and he was in the bedroom. According to appellant, he was standing at the foot of the bed putting his guns away when the shotgun discharged and hit his wife. Appellant acknowledged that he must have pulled the trigger.

The weapon was found on the floor, pointed at a window, away from the bathroom where Kimberly's body was found. A firearm and toolmark examiner

testified that the weapon was an AR-15 style, 12 gauge semi-automatic shotgun. It had a drop safety to prevent accidental firing without the trigger being pulled. The trigger had a 9.5-pound pull, which means that significant pressure on the trigger is required to make the weapon fire.

Appellant's story changed seven months after the shooting when he wrote to his son from jail. Appellant wrote:

> Anthony, I was hoping I would never have to tell anyone what happened that night and they would just let me take all the blame, but the extra round in the chamber changes everything. You and B deserve to know. Dad. Y'all know there was nothing your mom could say or do to ever have me hurt her. Nothing. Something did happen. 2013 came back around. No, I was not doing anything. She finally put two and two together. I can't go into detail.

Several months later, in a telephone call from jail, appellant said:

> That night, I know you remember 2013. And so that night, your mom found out that those nine months I had an affair and stuff. And she got really upset, and she started you know, yelling and hollering like she did back in 2014 when she found out about, you know, the nine months and stuff. And so when she was yelling at me and stuff, and you know me, I went to the living room and the kitchen and started throwing shit: bourbon and stuff.

> And, you know, that's when I heard the round chambering. And I got mad and I ran back there, and she was holding the gun, and I just grabbed it out of her hand and that's when it went off, when I was going to throw it on the bed, when I was going back to the bed, that's when it went off. I'm sorry [unintelligible]. All of this happened because of my infidelity.

This later version of events claiming that Kimberly loaded the shotgun while they were fighting, and it went off when he tried to take it from her is inconsistent with the version of events he first gave the police. The jury could reasonably infer

that appellant changed his story after he realized that the evidence did not support what he initially told the police. Inconsistent statements are circumstantial evidence from which a jury may infer a defendant's guilt. *Nisbett*, 552 S.W.3d at 267; *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Improbable explanations can also support an inference of guilt. *Nisbett*, 552 S.W.3d at 267. The shotgun had a trigger pull requiring substantial pressure to fire the gun. This does not support appellant's claim that the weapon accidentally discharged, but rather, suggests the weapon was fired intentionally. *See Turner v. State*, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991); *Aldridge v. State*, No. 05-07-00777-CR, 2008 WL 3272146, at *2 (Tex. App.—Dallas Aug. 11, 2008, no pet.) (mem. op., not designated for publication). Moreover, although appellant told the police there was no magazine in the gun when he fired, the live round officers found still in the chamber indicated otherwise. And although appellant claimed he accidentally shot his wife when taking the gun away from her, the forensic evidence demonstrated that the shot was from nine to twelve feet away.

The police found several guns at the scene, including Kimberly's loaded pistol on the dresser. But instead of grabbing the more easily managed, loaded pistol, appellant claims his angry wife loaded a shotgun with a difficult trigger pull and then retreated to the bathroom. Had this occurred, appellant would then have had to enter the bathroom to take the shotgun away, and "accidentally" fire it directly into her chest while walking away to put the gun on the bed. The jury could reasonably have

concluded this was improbable and found the explanation probative of wrongful conduct and circumstances of guilt. *See Lozano v. State*, 359 S.W.3d 790, 814 (Tex. App.—Fort Worth 2012, pet. ref'd).

The specific intent to cause death can also be inferred from the use of a deadly weapon, such as the firearm used here. *Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012); *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003); *see also* TEX. PENAL CODE ANN. § 1.07(17)(A) (defining a firearm as a deadly weapon).

Texas law generally presumes that a criminal defendant intended the natural consequences of his acts. *See Ruffin v. State*, 270 S.W.3d 586, 591 (Tex. Crim. App. 2008). Appellant acknowledged that he must have pulled the trigger. Given that appellant was only nine to twelve feet away from his wife at the time he shot her, the jury could infer that appellant intended to kill her. *See Ervin v. State*, 333 S.W.3d 187, 200 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (concluding that when person discharges firearm at close range and death results, law presumes intent to kill).

Finally, a jury may infer a culpable mental state from the extent of the victim's injuries. *Nisbett*, 552 S.W.3d at 267; *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). The shot here struck Kimberly in the center of her chest, with no pellets striking any of her extremities or objects around her. The jury could reasonably infer that the shot was intended to be fatal.

"Because one's acts are generally reliable circumstantial evidence of one's intent, the jury could reasonably infer that [appellant] intended to do exactly what he did." *Laster*, 275 S.W.3d at 524. Accordingly, in view of the abundant circumstantial evidence against appellant, considered in the light most favorable to the verdict, we conclude the evidence is sufficient to support appellant's conviction. Appellant's sole issue is resolved against him, and the trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220857F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH DANIEL ENRIQUEZ,
Appellant

No. 05-22-00857-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82260-
2021.
Opinion delivered by Justice Garcia.
Justices Goldstein and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered September 14, 2023