**AFFIRM; Opinion Filed February 22, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01376-CR

**MICHAEL ROY SANDERS, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 20-50368-86-F**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

Michael Roy Sanders, Jr. appeals his conviction for manslaughter. In his first issue, he argues the jury charge failed to properly instruct the jury regarding the issue of self-defense. In his second issue, he challenges the sufficiency of the evidence to support his conviction for manslaughter. In his third issue, he urges the trial court erred by instructing the jury that aggravated assault with a deadly weapon was a lesser included offense of manslaughter. In his fourth issue, he asserts the trial court neglected to make an indigency inquiry as required by article 42.15 of the code of criminal procedure and erred by ordering appellant to pay costs of court. We affirm

the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Chad Jobe, the decedent, graduated from Terrell High School in 2001 where he played football and basketball and ran track. His achievements in football included scoring multiple touchdowns; rushing over 1,000 yards his sophomore year; being named all-district outstanding offensive back of the year and earning the Terrell High School Distinguished Service Award his junior year; and being named leading rusher in his district in his senior year. Two years after his death, he was inducted into the high school's hall of fame for his performance in football.

The night of July 31, 2020, and into the early hours of August 1, appellant was at a party at a house in Terrell. At approximately midnight, Jobe arrived at the party and began greeting and talking with people who were standing outside in front of the house before walking up to appellant who was also standing in front of the house. Jobe demanded to know what appellant was doing at the party. Appellant drew a handgun from his pocket and fired approximately four to six shots at Jobe. After appellant ran out of bullets, he went to his car and left the scene.

One of the party guests called 9-1-1 to report the shooting, and police officers and other first responders arrived soon after Jobe was shot. Jobe was taken by ambulance from the scene and subsequently airlifted to a hospital in Dallas. He had sustained a gunshot wound on the left side of his abdomen and a second gunshot

wound on his right arm. On August 3, Jobe died as a result of the gunshot wound to his abdomen.

On September 25, appellant was charged by indictment with murder. Appellant entered a plea of not guilty, and the case proceeded to trial before a jury. The jury found appellant guilty of the lesser included offense of manslaughter and sentenced appellant to twenty years' imprisonment in the Texas Department of Criminal Justice. The judgment of conviction includes an affirmative finding that a deadly weapon was used in the commission of the offense. Appellant timely filed his notice of appeal.

## DISCUSSION

### I. *Sufficiency of the Evidence*

In his second issue, appellant challenges the sufficiency of the evidence to support his conviction for manslaughter. We address sufficiency issues first because, in the event they are meritorious, we would render a judgment of acquittal rather than reverse and remand. *See O'Reilly v. State*, 501 S.W.3d 722, 726 (Tex. App.—Dallas 2016, no pet.) (citing *Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010) (appellate courts render judgment of acquittal only when trial court's ruling amounts to de facto acquittal or appellate courts find evidence was legally insufficient to support convictions); *Owens v. State*, 135 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (legal-sufficiency challenge must

be addressed first because if evidence is insufficient, reviewing court must render judgment of acquittal)).

In order to support a conviction for manslaughter, the evidence must show a person recklessly caused the death of an individual. TEX. PENAL CODE § 19.04. A person acts recklessly with respect to the result of his conduct when he is aware but consciously disregards a substantial and unjustifiable risk that the result will occur; the risk must be of such a nature and degree that disregarding it constitutes a gross deviation from the standard of care an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* § 6.03(c).

Appellant urges that the record is "completely devoid of any evidence suggesting that this act was done recklessly." Instead, he asserts that the evidence supports a conclusion that he acted intentionally and knowingly such that it was error for the trial court to instruct the jury on manslaughter. In support of his arguments, appellant relies on opinions analyzing whether a trial court erred by refusing to instruct a jury on a lesser included offense, in particular *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012).

As stated by the court of criminal appeals, courts apply a two-step test to determine whether an instruction on a lesser included offense should be given to the jury. *See id.* First, the court determines if the proof necessary to establish the charged offense also includes the lesser offense. *See id.* If this threshold is met, the court must then consider whether the evidence shows that if the appellant is guilty,

he is guilty only of the lesser offense. *See id.* In *Cavazos*, the court concluded the proof necessary to establish murder also includes manslaughter. *See id.* at 384. But, when analyzing the second step, the court concluded that evidence of "[p]ulling out a gun, pointing it at someone, pulling the trigger twice, fleeing the scene (and the country), and later telling a friend 'I didn't mean to shoot anyone' does not rationally support an inference that Appellant acted recklessly at the moment he fired the shots." *See id.* at 385. Thus, the court concluded evidence did not "rise to [a] level that would convince a rational jury to find that if Appellant is guilty, he is guilty of only the lesser-included offense." *See id.*

Appellant asserts that the evidence shows he "pulled out a gun, pointed it at someone, pulled the trigger twice, and fled the scene" similar to the facts in *Cavazos*. He argues nothing in the facts of the case warranted inclusion of the lesser included offense of manslaughter, such that it was error for it to have been included in the charge. He concludes that "[b]ecause the evidence was insufficient to support a conviction of manslaughter, reversal and rendering of acquittal is proper."

As noted above, an appellate court renders judgment of acquittal only when a trial court's ruling amounts to de facto acquittal or an appellate court finds the evidence was legally insufficient to support the conviction. *See O'Reilly*, 501 S.W.3d at 726 (citing *Benavidez*, 323 S.W.3d at 181). However, we conclude that appellant conflates a legal sufficiency review to support a conviction on appeal with

the standard for reviewing whether a trial court erred by denying a requested instruction on a lesser included offense.

When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Arbanas v. State*, No. 05-14-01376-CR, 2016 WL 1615592, at *5 (Tex. App.—Dallas Apr. 20, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011)). But, appellant does not cite, and we have not found, any authority to support the acquittal of a defendant, much less the reversal of a conviction, where the evidence of the defendant's mental state is that of a more culpable mental state than is sufficient to establish the offense's commission.

Further, having reviewed the evidence in the light most favorable to the verdict, we conclude the record contains sufficient evidence so that a rational trier of fact could have found the essential elements of manslaughter beyond a reasonable doubt. Several witnesses, including appellant, testified Jobe approached appellant at the party on the night of the offense. Jobe demanded to know what appellant was doing at the party, referring to appellant with a racial epithet. Appellant pulled a gun from his pocket and fired at least two if not as many as six shots at Jobe. Jobe

sustained gunshot wounds in his stomach and right arm. Appellant then fled the party, and Jobe later died from the gunshot wound to his stomach.

Because this evidence is sufficient to support appellant's conviction for manslaughter, we overrule his second issue.

## II. *Jury Instruction on Aggravated Assault with a Deadly Weapon*

In his third issue, appellant argues the trial court improperly instructed the jury in its charge that aggravated assault with a deadly weapon was a lesser included offense of manslaughter.

The charge instructed the jury:

> In the event that you find the defendant not guilty of Murder and Manslaughter, you should next consider the lesser included felony offense of Aggravated Assault with a Deadly Weapon.

> If you find from the evidence beyond a reasonable doubt that the defendant, Michael Roy Sanders Jr., on or about the 1st day of August, 2020, in Kaufman County, Texas, did then and there intentionally, knowingly, or recklessly cause bodily injury to Chad Jobe by shooting him, and the defendant did then and there use or exhibit a deadly weapon, namely a firearm, during commission of the assault, then you will find the defendant guilty of the lesser included felony offense of Aggravated Assault with a Deadly Weapon and so say by your verdict[.]

Appellant argues that, since the charge instructed that the culpable mental state for aggravated assault included intentionally, knowingly, and recklessly and that the only culpable mental state for manslaughter is recklessly, it was error to instruct the jury that aggravated assault with a deadly weapon was a lesser included offense of manslaughter. He further argues that "the evidence was insufficient to

–7–

show [his] actions were reckless," such that "inclusion of the lesser included offense of intentional, knowing or reckless aggravated assault was improper."  He requests that this Court "reverse the Judgment, render an acquittal and to issue any other relief to which Appellant may be entitled."[1]

An offense is a lesser included offense if "(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;" or "(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission."  *Cavazos*, 382 S.W.3d at 382 (quoting TEX. CODE CRIM. PROC. art. 37.09).  In order to support a conviction for manslaughter, the evidence must show a person recklessly causes the death of an individual.  PENAL § 19.04.  In order to support a conviction for aggravated assault with a deadly weapon, the evidence must show a person intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault.  *See id.* § 22.02(a)(2).  An "intentional and knowing" aggravated assault is not a lesser included offense of manslaughter, nor is it statutorily includable in manslaughter.  *Lawson v. State*, 64 S.W.3d 396, 397 (Tex. Crim. App. 2001).

---

[1] Because he seeks reversal of the judgment and render of acquittal, we will address this issue before his remaining first and fourth issues.  *See O'Reilly*, 501 S.W.3d at 726 (citing *Benavidez*, 323 S.W.3d at 181 (appellate courts render judgment of acquittal only when trial court's ruling amounts to de facto acquittal or appellate courts find evidence was legally insufficient to support convictions); *Owens*, 135 S.W.3d at 305 (legal-sufficiency challenge must be addressed first because if evidence is insufficient, reviewing court must render judgment of acquittal)) ("We address sufficiency issues first because, in the event they are meritorious, we would render a judgment of acquittal rather than reverse and remand.").

Accordingly, we agree with appellant that the charge could be construed to instruct the jury that intentional or knowing aggravated assault was a lesser included offense of manslaughter.

Construing the charge in this manner, we assume, without deciding, there was jury charge error, and we now analyze the harm, if any, from this error. *See Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). No one objected to this part of the charge, so appellant must show error was "fundamental" in nature and must have caused egregious harm to warrant reversal. *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, and anything else in the record that informs our analysis. *Lozano*, 636 S.W.3d at 29 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory. *Id.* (citing *Ngo*, 175 S.W.3d at 750). The record must bear out that appellant suffered actual harm, not theoretical harm, and neither party has burden to show harm. *Id.* (citing *Ngo*, 175 S.W.3d at 750).

The jury charge defined murder, manslaughter, and aggravated assault with a deadly weapon and instructed the jury to consider first whether appellant was guilty of murder as charged in the indictment, and then, if not guilty of murder, whether he

–9–

was guilty of the lesser included offense of manslaughter, and finally, if not guilty of murder or manslaughter, the lesser included offense of aggravated assault with a deadly weapon. Because the jury was to consider whether appellant was guilty of aggravated assault with a deadly weapon if it did not find him guilty of manslaughter, the jury most likely did not consider whether appellant was guilty of aggravated assault with a deadly weapon after finding him guilty of manslaughter.

Appellant's defensive theory was that he shot Jobe in self-defense. Through cross-examination of the medical examiner and the investigating detective, defense counsel elicited evidence that Jobe's blood alcohol content was 0.204, or more than twice the legal limit of 0.08, and that Jobe was a similar height as appellant but outweighed him by at least seventy pounds. Appellant testified in his defense that he had known Jobe since elementary school and that they had been friends through high school graduation in 2001, but that their friendship deteriorated after high school to the point that when Jobe became "intoxicated[, he would] become belligerent, and if I was around, I was basically his target." Through appellant's and other witnesses' testimony, the defense offered evidence that on other occasions prior to his death, Jobe had acted aggressively towards appellant and had threatened to beat him up. Appellant testified that on the night of Jobe's death, he had no intention of killing Jobe and did not have his guard up. He noticed Jobe was intoxicated when he arrived at the party and that after Jobe walked around and greeted other guests, he walked up to appellant and threatened to beat him up.

Appellant said Jobe's tone was aggressive, and that his response was to try to diffuse the situation by raising both hands in the air and asking Jobe if he was going to let appellant "make it," or leave peacefully. According to appellant, the owner of the house and at least one other person tried to grab Jobe to keep him from attacking appellant. Jobe escaped their grasp and headed towards appellant. Appellant knew Jobe "would have made good on his threats . . . probably would have knocked me out for real." Appellant did not intend to kill Jobe when he shot him, "[j]ust prevent him from being able to harm me." Appellant stated he panicked when Jobe attacked him and was still in a state of panic when he left the party and went to his home. Appellant also testified and provided medical record evidence that he had injured his hand in 2017 and suffered nerve pain in and partial loss of use of that hand, adding to his concern about his ability to defend himself against Jobe.

Although the jury likely did not consider the aggravated assault offense before concluding appellant was guilty of manslaughter, the charge also includes instructions on self-defense, in line with appellant's defensive theory above. In relevant part, the jury charge instructs:

> Now, if you find from the evidence beyond a reasonable doubt that on the 1st day of August, 2020, in the County of Kaufman, and State of Texas, as alleged in the indictment, did then and there intentionally or knowingly caused the death of an individual, namely Chad Jobe, by shooting Chad Jobe with a deadly weapon, namely a firearm, you will find the defendant guilty of the offense of Murder, or the lesser included offense of manslaughter, or the lesser included offense of Aggravated Assault with a Deadly Weapon, but you further find from the evidence, or you have a reasonable doubt thereof that at that time the defendant

–11–

was under attack, if any, or attempted attack, if any, from Chad Jobe, and that the defendant reasonably believed, as viewed from his standpoint, that such deadly force as he used, if any, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force, and so believing, he intentionally or knowingly shot Chad Jobe, if he did, with a deadly weapon, to-wit: a firearm, which caused his death, then you will acquit the defendant and say by your verdict "not guilty."

We presume the jury followed the trial court's instructions. *See Reed v. State*, 680 S.W.3d 620, 627 (Tex. Crim. App. 2023) (citing *Allison v. State*, 666 S.W.3d 750, 765 (Tex. Crim. App. 2023); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005)). Therefore, we presume, despite any error in the charge, the jury considered appellant's defensive theory, namely that he acted in self-defense. *See id.*

Accordingly, after reviewing the entire record, we cannot conclude the complained-of error affected the very basis of appellant's case or vitally affected his defensive theory. *See Lozano*, 636 S.W.3d at 29 (citing *Ngo*, 175 S.W.3d at 750). Nor can we conclude the same deprived him of any vital right. *See id.*

Additionally, we note that both offenses of aggravated assault with a deadly weapon and manslaughter are felonies of the second degree and thus subject to the same punishment range. *See* PENAL §§ 12.33, 19.04, 22.02(b). And, both offenses included a finding that a deadly weapon was used in the commission of each. Thus, any harm from the jury failing to consider aggravated assault with a deadly weapon before convicting appellant of manslaughter is theoretical, rather than actual. *See Lozano*, 636 S.W.3d at 29 (citing *Ngo*, 175 S.W.3d at 750). Accordingly, we

–12–

conclude that any harm in this jury charge does not constitute egregious harm. *See id.*

We overrule appellant's third issue.

### III. *Self-Defense Instruction in Jury Charge*

In his first issue, appellant urges that the trial court failed to properly instruct the jury regarding the issue of self-defense in the application paragraph. He points to a note from the jury and the record discussion of same as evidence that "[t]he jury was clearly confused." He also urges the instruction was confusing because it "instructed the jury to find him guilty without first taking into consideration self-defense" and that self-defense was not "mentioned in the charge at all until after the application paragraph calling for a verdict." Finally, appellant notes that the charge "neglects to instruct the jury that the State has the burden to disprove the issue of self-defense."

A jury instruction's meaning must be taken from the whole charge. *See Dailey v. State*, No. 05-17-00016-CR, 2018 WL 3424361, at *5 (Tex. App.—Dallas July 16, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Delapaz v. State*, 228 S.W.3d 183, 212 (Tex. App.—Dallas 2007, pet. ref'd)). Here, the jury charge instructed the jury to "consider this charge as a whole." We assume the jury follows the instructions as given. *See id.* (citing *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996)).

Regarding the order of the instructions, this court has previously considered a similarly sequenced charge and concluded it was not erroneous. *See Dailey*, 2018 WL 3424361, at *5; *Wippert v. State*, Nos. 05-96-00573-74-CR, 1998 WL 205798, at *1 (Tex. App.—Dallas Apr. 29, 1998, pet. ref'd) (not designated for publication). In *Wippert*, the self-defense instruction followed the application paragraphs for aggravated assault and murder. *Wippert*, 1998 WL 205798, at *1. In that case, we concluded that, read as a whole, the charge adequately instructed the jury to acquit the defendant if it had reasonable doubt concerning whether he acted in self-defense. *See id*. Similarly, in *Dailey*, the trial court defined the necessary terms and instructed the jury on self-defense in the abstract portion of the instruction. *Dailey*, 2018 WL 3424361, at *5. The abstract portion of the instruction was followed by an application paragraph applying the law of self-defense to the facts of the case. *See id*. And, significantly, it instructed the jury to acquit appellant if they had a reasonable doubt as to whether he acted in self-defense. *See id.* (citing TEX. PENAL CODE § 2.03(d) (if the existence of a defense is submitted to the jury, the court shall charge that reasonable doubt on the issue requires acquittal)). We concluded that the trial court did not err by placing the self-defense instruction after the murder and transferred intent instructions. *See id.*

As noted by appellant, the charge instructed the jury that if they believed from the evidence beyond a reasonable doubt the elements of the offense, they should find appellant guilty before instructing the jury on self-defense in a separate later section.

In that section, the trial court instructed that if the jury found appellant guilty of any of the three foregoing offenses and found from the evidence, or had a reasonable doubt thereof, that appellant reasonably believed that such deadly force as he used, if any, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force, then the jury would acquit appellant. Accordingly, we conclude the trial court did not err by placing the self-defense instruction after the murder, manslaughter, and aggravated-assault-with-a-deadly-weapon instructions.

Appellant points to the jury's notes as evidence of their confusion. The jury wrote six notes, two of which were about page 3 of the charge, which included the section instructing the jury on self-defense. The first requested twelve copies of that page, and the second asked for "explanation or clarity on p3, the circled paragraph." The record does not include a copy of the charge with the circled paragraph, but it does include the judge's following statement to counsel outside the presence of the jury.

> I've receiv[ed] the following note from the jury. "Can you provide explanation or clarity on page 3, the circled paragraph?" Obviously that circled paragraph is the paragraph on the presumption of self-defense and the burden, obviously, the self-defense paragraph that we've been going over. So I assumed that was the hang-up.

> The only paragraph in the third page of the charge referring to any burden is as follows:

> You are instructed with regards to the presumption set forth immediately above that:

(1) the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(2) that even if such facts are proven beyond a reasonable doubt, you may find that the element sought to be presumed exists, but you are not bound to so find;

(3) that even though you may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(4) if you have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails, and you shall not consider the presumption for any purpose.

We cannot conclude from the jury's note or the paragraph in the charge that the jury was confused as to how to apply the self-defense instruction to their consideration of whether to convict or acquit appellant. That note could be construed to support appellant's complaint regarding the charge's omission that it is the State's burden to disprove that appellant acted in self-defense. However, we have addressed a similar complaint and concluded that when, as here, the charge "required the jury to acquit appellant if they believed that he was acting in self-defense or the jury had a reasonable doubt thereof," instructed the jury that the burden of proof beyond a reasonable doubt was on the State, and contained instructions on the presumption of innocence, the failure to instruct the jury on the State's burden of disproving self-defense beyond a reasonable doubt was not erroneous. *See Goodson v. State*, No. 05-15-00143-CR, 2017 WL 1360193, at *11 (Tex. App.—Dallas Apr. 12, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979); *Gonzalez v. State*, No. 05–13–00630–CR, 2014

–16–

WL 3736208, at *13–14 Tex. App.–Dallas July 14, 2014, no pet.) (not designated for publication) (concluding "the trial court did not err by submitting the jury charge without including an instruction that the State was required to disprove the issue of self-defense beyond a reasonable doubt," where charge met requirements of *Luck* and penal code section 2.03(d)); *Brotherton v. State*, 666 S.W.2d 126, 128 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) (not designated for publication)).

We overrule appellant's first issue.

## IV.    *Assessment of Court Costs*

In his fourth issue, appellant argues the trial court neglected to make an indigence inquiry under Article 42.15 of the Code of Criminal Procedure and wrongly ordered him to pay costs of court and requests either waiver of his costs or remand for an inquiry as to whether he has "sufficient resources or income to immediately pay all or part of the fine and costs."

The Code of Criminal Procedure in effect at the time of trial provided:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . ., a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . .; (3) waived in full or in part . . .; or (4) satisfied through any combination of methods under Subdivisions (1)–(3).

TEX. CODE CRIM. PROC. art. 42.15(a-1).

–17–

Initially, we note that this issue presents a question of preservation. Nothing in the record indicates appellant objected to or otherwise complained to the trial court about its failure to conduct an inquiry. *See* TEX. R. APP. P. 33.1 (before complaint may be presented for appellate review, record must show it was made to trial court by timely request, objection, or motion). At least one court of appeals has concluded that a defendant's right to an ability-to-pay inquiry is a category-two *Marin* right, and, therefore, the right's violation requires no objection to preserve the issue for appellate review. *See Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. filed) (op., not yet released for publication).

Assuming, without deciding, we agree that no objection is required to preserve this issue for appellate review, we note that the reporter's record contains no such inquiry. Attached to the judgment is an order to withdraw funds, including a finding that "the offender is unable to pay the court costs, fees and/or fines and /or restitution on this date and that the funds should be withdrawn from the offender's Inmate Account." That order then requires payment be made out of appellant's account as follows:

Pay an initial amount equal to the lesser of:

1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or

2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.

After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:

1) 10% of each deposit in the offender's Inmate Account; or

2) The total amount of court costs, fees and/or lines and/or restitution that remains unpaid.

Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

Assuming, without deciding, that the foregoing statement regarding the trial court's finding of indigency is insufficient to meet the on-the-record inquiry requirement of article 42.15(a-1), we next consider whether any such error requires waiver of his fees or remand for an inquiry on the record "whether [appellant] has sufficient resources or income to immediately pay all or part of the fine and costs." Non-constitutional error in a criminal case that does not affect the defendant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *See Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023) (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)).

Because Article 42.15 guarantees a defendant an on-the-record inquiry into "whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs," appellant might have suffered harm by the omission of such an inquiry if the trial court ordered him to immediately pay the fine. However,

–19–

to the contrary, the withdrawal order states, "The Court finds that the offender is unable to pay the court costs, fees, and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Trust Account." The order then provides that a percentage of appellant's inmate account deposits be withdrawn as payment. Thus, even in light of any failure to conduct the on-the-record inquiry mandated by Article 42.15(a-1), the result of such an inquiry, had it occurred, is already apparent from the record.

Accordingly, we conclude appellant has failed to show that his substantial rights were affected, and thus has failed to show he was harmed, by the trial court's lack of an express inquiry. *See id.*; *see, e.g.*, *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet. h.) (mem. op., not designated for publication) (holding appellant failed to show reversible harm when trial court failed to conduct on-the-record inability-to-pay inquiry but issued order to withdraw that the fine and costs should be paid in a specified portion of designated intervals from appellant's inmate trust account until his release, at which point, he would be required to proceed to district clerk's office to make arrangements to pay remaining fine, court costs, and reimbursement fees); *Gilmer v. State*, No. 12-23-00054-CV, 2023 WL 8103957, at *4 (Tex. App.—Tyler Nov. 21, 2023, no pet.) (mem. op., not designated for publication) (concluding that the court did not err in denying appellant's motion to rescind its order to withdraw funds from his inmate account when court failed to conduct inability-to-pay inquiry regarding an ordered

fine "[b]ecause the court determined Gilmer was unable to pay any part of the fine immediately, [and thus] Gilmer fails to show that his substantial rights were affected by the omission of an ability-to-pay inquiry").[2]

We overrule appellant's fourth issue.

**CONCLUSION**

We affirm the trial court's judgment.

<table>
<tr><td></td><td>/Nancy Kennedy/</td></tr>
<tr><td></td><td>NANCY KENNEDY</td></tr>
<tr><td>Do Not Publish</td><td>JUSTICE</td></tr>
<tr><td>Tex. R. App. P. 47</td><td></td></tr>
</table>

221376F.U05

---

[2] Moreover, at least one of our sister courts of appeals has held that when an appellant did not argue that the trial court's determination that he should pay the fine and court costs at some later date, as opposed to the other options available to it under Article 42.15(a-1)(1), amounted to an abuse of discretion, remanding the cause for a gratuitous inquiry when the resultant determination already is apparent from the record would amount to an unnecessary exercise and a waste of judicial resources. *See Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.).



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ROY SANDERS, JR.,
Appellant

No. 05-22-01376-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas

Trial Court Cause No. 20-50368-86-F.

Opinion delivered by Justice
Kennedy. Justices Nowell and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 22nd day of February, 2024.